KAULUKOA and PETER NUNES, her husband, MAKA-
ONI (w) and HENELE KUALII *v.* YIM QUON.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 1, 1896.             DECIDED JULY 14, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Undisputed testimony that two deceased persons were sisters is suf-
   ficient to prove inheritable blood between them, without special
   proof of the marriage of their parents.

OPINION OF THE COURT BY FREAR, J.

Ejectment for 3 acres and 1.71 chains of land covered by
R. P. 6813, L. C. A. 3986, at Kaluapuhi, Kaneohe, Oahu.
At the trial the plaintiffs disclaimed as to one undivided half
and obtained a verdict for the other undivided half of the land.
The defendant excepted to the verdict as contrary to the law
and the evidence and gave notice of a motion for a new trial.
Subsequently he filed a motion for a new trial without setting
forth any grounds therefor. This motion was denied and
defendant took exception to the denial, and now comes here
on a bill of exceptions which also fails to show any grounds
upon which a new trial is sought. There is, therefore, strictly
speaking, no question of law presented to the court for its
decision. But Mr. Neumann, who came into the case for the
defendant in this court, raised the point in argument that one
portion of the plaintiff's supposed chain of title was not sus-
tained by the evidence, and as plaintiff's counsel consent to
have this point considered by this court, we will pass upon it.

It is agreed that Hueu was the patentee of this land; that the land descended upon his death to his wife, Kanealai, and upon her death to her sister, Kiha. The question in issue is whether upon Kiha's death the land descended all to her husband, Kaanaana (through whom the defendant claims), or one-half to Kaanaana and the other half to the alleged sister, Kahaku, of Kiha's deceased mother, Kaukaliu (the plaintiffs claiming through Kahaku). The defendant contends that there is no evidence of inheritable blood from Kaukaliu to Kahaku, because the marriage of their parents was not proved. Two witnesses testified, on direct and cross-examination, that these two persons were sisters. This naturally means sisters of the whole blood, that is, that they were from the same parents. The presumption is that they were legitimate children, and therefore that their parents were married. No attempt was made to impair the force of this testimony, and no exception was taken to the charge of the court which expressly and specifically submitted this point to the jury upon the evidence. Under the circumstances the jury were justified in finding this issue for the plaintiffs.

The exceptions are overruled.

*Magoon & Edings*, for plaintiffs.

*Paul Neumann, E. P. Dole* and *G. A. Davis*, for defendant.